**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

ENERGY TRANSPORTATION GROUP, INC.,

        Plaintiff,

    -against-

        Case No. 1:21-cv-10969-AT

BOREALIS MARITIME LIMITED,

        Defendant.

**DEFENDANT BOREALIS MARITIME LIMITED'S**
**ANSWER AND DEFENSES TO THE AMENDED COMPLAINT**

Defendant Borealis Maritime Limited ("Borealis"), by and through its undersigned attorneys, answers and asserts defenses to the Amended Complaint of Plaintiff (the "Complaint," ECF No. 13), as follows:

**ANSWER**

1.      Borealis denies the allegations in Paragraph 1 of the Complaint and states that the terms of the Revenue Sharing Agreement ("RSA") speak for themselves.

2.      Borealis denies the allegations in Paragraph 2 of the Complaint and states that the terms of the RSA speak for themselves.

3.      Borealis denies the allegations in Paragraph 3 of the Complaint and states that the terms of the RSA speak for themselves.

4.      Borealis denies the allegations in Paragraph 4 of the Complaint and states that the terms of the RSA, and the public reports referenced in Paragraph 4, speak for themselves.

5.      Borealis denies the allegations in Paragraph 5 of the Complaint and states that the terms of the LLC Agreements referenced in Paragraph 5 speak for themselves.

1

6.      Borealis denies the allegations in Paragraph 6 of the Complaint and states that the terms of the LLC Agreements referenced in Paragraph 6 speak for themselves.

7.      Borealis denies the allegations in Paragraph 7 of the Complaint.

8.      Borealis denies the allegations in Paragraph 8 of the Complaint.

9.      Borealis denies the allegations in Paragraph 9 of the Complaint.

10.     Borealis denies the allegations in Paragraph 10 of the Complaint.

11.     Borealis denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11 of the Complaint.

12.     Borealis denies the allegations in Paragraph 12 of the Complaint, except admits that it is a limited liability company organized under the laws of England and Wales with its principal place of business in London, England.

13.     Paragraph 13 of the Complaint contains legal conclusions to which no response is required, except Borealis states that the terms of the RSA speak for themselves.

14.     Borealis denies the allegations in Paragraph 14 of the Complaint, except states that the last sentence of Paragraph 14 contains a jurisdictional legal conclusion to which no response is required.

15.     Borealis denies the allegations in Paragraph 15 of the Complaint, except admits that the families of Messrs. Chen and Toepfer had relationships prior to the matters at issue in this action and states that the email referenced in Paragraph 15 speaks for itself.  Borealis also denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding Mr. Chen's education or business relationships or experience.

16.     Borealis denies the allegations in Paragraph 16 of the Complaint and states that the terms of the proposed transaction referenced in Paragraph 16 speak for themselves.

17.     Borealis denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17 of the Complaint.

18.     Borealis denies the allegations in Paragraph 18 of the Complaint, except admits that Miller Buckfire was compensated for one Borealis transaction that involved Kohlberg, Kravis & Roberts ("KKR").

19.     Borealis denies the allegations in Paragraph 19 of the Complaint and states that the terms of the RSA speak for themselves.

20.     Borealis denies the allegations in Paragraph 20 of the Complaint and states that (a) Borealis has entered into transactions with KKR from which Plaintiff is not entitled to any compensation, and (b) the terms of the "EM Funds" referenced in Paragraph 20 speak for themselves.

21.     Borealis denies the allegations in Paragraph 21 of the Complaint and states that (a)  Borealis has entered into transactions with KKR from which Plaintiff is not entitled to any compensation, and (b) the terms of the RSA speak for themselves.

22.     Borealis denies the allegations in Paragraph 22 of the Complaint and states that (a)  Borealis has entered into transactions with KKR from which Plaintiff is not entitled to any compensation, and (b) the terms of the RSA speak for themselves.

23.     Borealis denies the allegations in Paragraph 23 of the Complaint.

24.     Borealis denies the allegations in Paragraph 24 of the Complaint.

25.     Borealis denies the allegations in Paragraph 25 of the Complaint.

26.     Borealis denies the allegations in Paragraph 26 of the Complaint and states that (a)  Borealis has entered into transactions with KKR from which Plaintiff is not entitled to any compensation, and (b) the terms of the RSA speak for themselves.

27.    Borealis denies the allegations in Paragraph 27 of the Complaint, except admits that the COVID pandemic impacted the global economy, and states that the terms of the RSA speak for themselves.

28.    Borealis denies the allegations in Paragraph 28 of the Complaint.

29.    Borealis denies the allegations in Paragraph 29 of the Complaint.

30.    Borealis denies the allegations in Paragraph 30 of the Complaint.

31.    Borealis denies the allegations in Paragraph 31 of the Complaint, including its subparts.

32.    Borealis denies the allegations in Paragraph 32 of the Complaint.

**First Cause of Action**
**Breach of Contract**

33.    Borealis repeats and re-alleges its responses to every allegation contained in the foregoing paragraphs of the Complaint as if fully set forth herein.

34.    Borealis denies the allegations in Paragraph 34 of the Complaint.

35.    Borealis denies the allegations in Paragraph 35 of the Complaint.

36.    Borealis denies the allegations in Paragraph 36 of the Complaint.

37.    Borealis denies the allegations in Paragraph 37 of the Complaint.

**WHEREFORE CLAUSE**

Borealis denies that Plaintiff is entitled to any of the relief that it seeks in its WHEREFORE clause.

## DEFENSES

Borealis states the following defenses without assuming the burden of proof on any such defenses that would otherwise rest with Plaintiff.  Borealis reserves the right to allege other defenses at such time as they become known, to the extent required:

## FIRST DEFENSE

Plaintiff's claim is barred, in whole or in part, by the applicable statute of limitations.

## SECOND DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

## THIRD DEFENSE

Borealis affirmatively pleads all conditions precedent, conditions subsequent, indemnities, and limitations set forth in any contract relevant to these proceedings as a defense to Plaintiff's claim.

## FOURTH DEFENSE

Plaintiff has not suffered any cognizable damages.

## FIFTH DEFENSE

Plaintiff's claim is barred, in whole or in part, by its own inaction or its failure to mitigate damages.

## SIXTH DEFENSE

Plaintiff's claim is barred to the extent that its damages, if any, are speculative and/or to the extent that it is impossible to ascertain its damages.

## SEVENTH DEFENSE

Plaintiff's claim is barred, in whole or in part, under the doctrine of unclean hands.

## EIGHTH DEFENSE

Plaintiff's claim is barred, in whole or in part, under the doctrine of laches.

## NINTH DEFENSE

Borealis specifically pleads all affirmative defenses set forth in Rule 8(c) of the Federal

Rules of Civil Procedure which are applicable to this case and/or any and all other affirmative

defenses and qualified and/or good faith immunities, all of which are pled herein as if copied in

extenso.

## TENTH DEFENSE

Borealis affirmatively pleads that, while carrying out the complained of actions/inactions

specified in the Complaint, it at all times acted in accordance and compliance with applicable

agreements and local, state, and federal law.

## PRAYER FOR RELIEF

Wherefore, Borealis asks:

1.  That judgment be entered in its favor and against Plaintiff;

2.  That the Complaint and its cause of action be dismissed with prejudice;

3.  For an award covering its attorneys' fees and the costs of suit; and

4.  For such other relief that the Court deems just and proper.

Dated: New York, New York
April 24, 2023

Respectfully Submitted,

BOIES SCHILLER FLEXNER LLP


/s/ Jenny Kim
Jenny Kim
Lindsey Ruff
55 Hudson Yards
New York, New York 10001
Telephone: (212) 446-2354
E-mail: jkim@bsfllp.com

*Counsel for Defendant Borealis Maritime Limited*

6