**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------X

ENERGY TRANSPORTATION GROUP, INC.,

Plaintiff,

-against-

BOREALIS MARITIME LIMITED,

Defendant.

---------------------------------------------------------------X

**ORDER**

**21-cv-10969 (AT) (JW)**

**JENNIFER E. WILLIS, United States Magistrate Judge:**

On December 18, 2023, this Court issued an order denying Plaintiff ("ETG's") motion to compel discovery and granting Defendant's ("Borealis"') motion for a protective order. Dkt. No. 137 ("Prior Order"). On December 29, 2023, ETG filed a motion asking this Court to reconsider its Prior Order. Dkt. No. 139. The same day, ETG filed Fed. R. Civ. P. Rule 72(a) objections, which are pending before District Judge Torres. Dkt. No. 138. On March 1, 2024, ETG filed a motion for conference regarding the request to reconsider the Prior Order citing the upcoming deposition of Christoph Toepfer, Chief Executive Officer of Borealis. Dkt. No. 146. On March 15, 2024, ETG filed a motion to compel Christoph Toepfer to appear for the scheduled deposition. Dkt. No. 148.

For the reasons stated below, the motion to reconsider is DENIED, the motion for conference is DENIED, and the motion to compel is GRANTED.

## BRIEF BACKGROUND[1]

This action arises from, *inter alia*, the alleged breach of a revenue sharing agreement (the "RSA"), dated August 1, 2012, between ETG and Borealis. Dkt. No. 13 ("Amended Complaint" or "Am. Compl."). Previously, Borealis sought a protective order to limit the scope of discovery in this action to the investment funds known as Embarcadero Maritime Funds I, II and III (the "EM Funds") specifically named in the Amended Complaint. Prior Order at 3. ETG sought to compel discovery regarding all financing transactions between Kohlberg Kravis & Roberts ("KKR") and Borealis, including two named funds: Stanley Maritime I and II ("SM1" and "SM2," respectively; and collectively, the "SM Funds"), which closed in 2018 and 2023. Id.

This Court denied ETG's motion to compel finding that the information sought was "only minimally relevant to substantive arguments regarding the scope of the RSA" and were most relevant to the issue of damages. Prior Order at 14-15. Further, this Court explained that it did not "believe that any relevance would outweigh the burdens of production at this stage." Id. at 15. Finally, this Court granted Borealis's request and issued a temporary protective order such that "information regarding further KKR-Borealis funds [including SM 1 and SM 2] w[ould] only be discoverable after a dispositive ruling that the scope of the RSA does cover such funds." Id.

---

[1] This Court presumes familiarity with the Prior Order and only recounts facts necessary to resolve the instant motions.

### A. Motion to Reconsider

ETG asks this Court to reconsider it's Prior Order arguing that (i) ETG will be unable to obtain a dispositive ruling that the KKR-Borealis funds are discoverable and (ii) this Court did not consider burden on a category-by-category basis in its Prior Order. Dkt. No. 140. Borealis counters that ETG's motion for reconsideration improperly rehashes arguments that have been rejected by this Court and raise new arguments that should have been raised in the initial motion. Dkt. No. 143.

"To prevail on a motion for reconsideration, the movant must demonstrate 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" Catskill Dev., L.L.C. v. Park Place Ent. Corp., 154 F. Supp. 2d 696, 701 (S.D.N.Y. 2001) (quoting Doe v. New York City Dept. of Soc. Servs., 709 F.2d 782, 789 (2d Cir.1983)). "Reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Lesch v. U.S., 372 F. App'x 182, 183 (2d. Cir. 2010) (citation and internal quotation marks omitted). "Thus, a motion to reconsider should not be granted where the moving party is solely attempting to relitigate an issue that already has been decided." Id.

#### 1. Controlling Law

ETG asserts that this Court's Prior Order overlooked controlling law that ETG will not be able to obtain a dispositive ruling that the scope of the RSA covers the SM Funds, and the issue will have to go to the jury to resolve. Dkt. No. 140 at 2-3.

Borealis counters that ETG has not identified an error of law because courts regularly resolved ambiguity in contractual language as a matter of law where no reasonable factfinder could decide contrary to one party's interpretation or where extrinsic evidence resolves ambiguities. Dkt. No. 143 at 9-11. ETG replies that Borealis "recharacterized" the Prior Order, which does not specifically refer to summary judgment motion practice and instead requires a "dispositive ruling that the scope of the RSA does cover [the SM] funds." Dkt. No. 145 at 1-2.

To the extent the Prior Order may have been unclear on this point, this Court's ruling was that discovery on subsequent KKR-Borealis funds will only be discoverable after summary judgment, if ETG obtains a favorable ruling. The Prior Order clearly states that it was "staying discovery on subsequent funds until a dispositive ruling is made[,]" Prior Order at 15, and summary judgment will be the next phase of dispositive motion practice. Further, even ETG surmises the Prior Order "contemplates allowing ETG to have discovery regarding the SM Funds only after it prevails on a motion for summary judgment by Borealis[.]" Dkt. No. 140 at 4. ETG also goes as far as to say "ETG should be allowed to obtain evidence to **prove** that the SM Fund . . . was initiated during the term of KKR's first joint venture with Borealis that established the EM Funds." Id. (emphasis added). This seems to be in tension with ETG's assertion that they won't be able to obtain a dispositive ruling on the issue, but this Court will nevertheless discuss the merits of the arguments presented.

Insofar as the language in the Prior Order requiring a "dispositive ruling that the scope of the RSA **does** cover such funds[,]" imposes too high of a burden on ETG, this Court readily clarifies that the sentence should have read: "information regarding further KKR-Borealis funds will only be discoverable after a dispositive ruling that the scope of the RSA [**could**] cover such funds."

Regarding ETG's arguments that the scope of the RSA must be a question for the factfinder, that will become clear after summary judgment. As clarified above, if ETG obtains a favorable summary judgment ruling, this Court will permit discovery on subsequent KKR-Borealis funds before the fact-finding stage.

Further, as Borealis notes, the Court has regularly resolved ambiguity in contractual language as a matter of law where "no reasonable factfinder could decide contrary to one party's interpretation," or where extrinsic evidence resolved ambiguities in the contractual language. Dkt. No. 143 at 10. As cited, courts "may resolve the ambiguity in the contractual language as a matter of law" where the "extrinsic evidence is so-one sided that no reasonable factfinder could decide contrary to one party's interpretation." Compagnie Financiere de CIC et de L'Union Europeenne v. Merrill Lynch, Pierce, Fenner & Smith Inc., 232 F.3d 153, 159 (2d Cir. 2000); see also Phoenix Ins. Co. v. Hudson Excess Ins. Co., No. 21 CIV. 4474 (JPC), 2023 WL 5048629, at *11 (S.D.N.Y. Aug. 8, 2023).

Here, given that summary judgment may resolve issues as contemplated by this Court's Prior Order, this Court does not find an error of controlling law warranting reconsideration. While ETG argues that staying discovery on the funds

until after summary judgment will hamper their ability to defend against Borealis's summary judgment motion, Dkt. No. 140 at 4, this Court's Prior Order was clear that "information sought regarding subsequent KKR-Borealis transactions is most relevant to the issue of damages and only minimally relevant to substantive arguments regarding the scope of the RSA." Prior Order at 14. "A district court has wide latitude to determine the scope of discovery." In re Agent Orange Prod. Liab. Litig., 517 F.3d 76, 103 (2d Cir. 2008). This Court remains unconvinced that discovery is warranted on the SM Funds at this stage. As ETG has offered no information "reasonably [] expected to alter the conclusion reached by the court," Lesch., 372 F. App'x at 183, the motion to reconsider fails on this point.

**2. Category-by-Category Analysis**

ETG further argues that this Court failed to consider burden on a category-by-category basis with respect to the documents sought by ETG. Dkt. No. 140 at 4-5. ETG alleges that Borealis was not required to address burden with respect to each category of documents requested. Id. ETG further argues that it will be inefficient to depose witnesses twice if discovery is granted at the later stage. Id.

This Court is not persuaded that ETG has introduced any new information warranting reconsideration of the Prior Order. The motion to compel was denied based on a proportionality assessment, and this Court did not need to hear further specifics from Borealis to reach its decision. In the Prior Order, this Court noted that it did not "believe that any relevance would outweigh the burdens of production at this stage." Id. at 15. The same is true now. As Borealis cites, "[p]roportionality and

relevance are 'conjoined' concepts; the greater the relevance of the information in issue, the less likely its discovery will be found disproportionate." Dkt. No. 144 at 15; Vaigasi v. Solow Mgmt. Corp., No. 11-CIV-5088(RMB)(HBP), 2016 WL 616386, at *14 (S.D.N.Y. Feb. 16, 2016). Further, "[t]he fact that particular information is relevant does not mean that its production will always be proportional to the needs of the case." Elisa W. by Barricelli v. City of N.Y., No. 15-Civ.5273 (LTS) (HB), 2018 WL 6695278, at *2 (S.D.N.Y. Dec. 20, 2018). In the instant action, this Court has noted, and reiterated, that the information sought regarding the SM Funds is at most marginally relevant to the question of the scope of the RSA, so all discovery requested by ETG at this juncture is burdensome.

Even now, ETG opines that the most important documents that it seeks are organizational documents for the SM Funds and quarterly reports for the SM Funds containing performance data. Dkt. No. 145. This Court does not see how either category of documents is relevant to the scope of the RSA or ETG's arguments related to contractual interpretation.

To the extent District Judge Torres disagrees about the relevance of the SM Funds at this stage, she may sustain ETG's Rule 72(a) objections, but in this Court's view, nothing has swayed this Court to reconsider the Prior Order.

Therefore, the request for conference is DENIED and the motion for reconsideration is DENIED.

## B. The Deposition of Christoph Toepfer

ETG asks this Court to compel Christoph Toepfer, Borealis's Chief Executive Officer to sit for his deposition which is scheduled for March 27, 2024. Dkt. No. 148. ETG asserts that this deposition has been scheduled for months and counsel sent formal notice of the deposition on January 17, 2024. Id. Borealis argues that ETG is seeking an advantage to depose Toepfer twice as an individual witness and as a 30(b)(6) witness. Dkt. No. 149. Borealis further argues that document discovery is incomplete and ETG will seek to depose Toepfer again after document production. Id.

On balance, this Court is not persuaded by Borealis's arguments considering that it knew about the situations presented when scheduling the deposition in January. Dkt. No. 148-1. Further Borealis's arguments on this point are speculative. Fed. R. Civ. P. 30(d)(1) contemplates a one day deposition of 7 hours. To the extent the Parties have a dispute about a later deposition, or request an enlargement of time based on subsequent document production, they may raise the issue with this Court at that time. Therefore, this Court expects the deposition to continue as scheduled. This Court may impose sanctions pursuant to Fed. R. Civ. P. 37 if the deposition does not occur as ordered.

In sum, the motion for reconsideration at Dkt. No. 139 is DENIED, the motion for conference at Dkt. No. 146 is DENIED, and the motion to compel the deposition at Dkt. No. 148 is GRANTED. **The Clerk of the Court is respectfully requested to close these motions.**

SO ORDERED.

DATED: New York, New York
March 22, 2024

JENNIFER E. WILLIS
United States Magistrate Judge