**LLOYD S. CLAREMAN**
A PROFESSIONAL CORPORATION
ATTORNEY AT LAW
121 EAST 61ST STREET
NEW YORK, NEW YORK 10065

E-MAIL ADDRESS:　　　　　　　　　　　　　　　　　　　　　　　TELEPHONE (212) 751-1585
LLOYD.CLAREMAN@CLAREMAN.COM　　　　　　　　　　　　　TELECOPIER (212) 838-0814

October 14, 2024

**Via ECF and Email**
The Honorable Analisa Torres
United States District Judge
500 Pearl Street
New York, NY 10007

　　Re:　*Energy Transportation Group, Inc. v. Borealis Maritime Limited,*
　　　　*Case No. 1:21-cv-10969-AT-JW; ETG's Opposition to Motion to Seal*

Dear Judge Torres:

　　I represent Plaintiff Energy Transportation Group, Inc. ("ETG") in the above-referenced action. ETG opposes the October 10, 2024 motion of Defendant Borealis Maritime Limited ("Borealis") (ECF No. 243) to seal certain exhibits that Borealis submitted with its summary judgment reply papers. Borealis claims that these exhibits contain "settlement" evidence that should be sealed.

　　Because this issue has been briefed before, in connection with previous Borealis motions to seal this evidence, ETG will not burden the Court with a repetition of its position in opposition. ETG respectfully refers the Court to its prior letter briefs dated July 8, 2024 and September 26, 2024 (ECF Nos. 212 and 236), and incorporates them herein. In those papers, ETG has shown that the documents at issue were generated pursuant to the efforts of Borealis' CEO, Christoph Toepfer, to renegotiate the parties' Revenue Sharing Agreement ("RSA"). There was no claim pending or threatened when Mr. Toepfer attempted to change the RSA in Borealis' favor by seeking to (a) reduce ETG's carried interest percentage, and (b) limit the RSA's scope. (*See* ECF No. 220-35.) Mr. Toepfer's rationale for doing so was merely that the RSA was too generous to ETG. (*Id*.) Those discussions started in late 2013 and continued sporadically until early 2020. No claim was threatened at any time, and none was filed until the end of 2021. The documents in question are not "settlement evidence" within the meaning of FRE 408; they are business negotiations that occurred only because of Borealis' wish to re-trade the deal it had made.

　　　　　　　　　　　　　　　　　　　　Respectfully yours,

　　　　　　　　　　　　　　　　　　　　/s/Lloyd S. Clareman
　　　　　　　　　　　　　　　　　　　　Attorney for Plaintiff
　　　　　　　　　　　　　　　　　　　　Energy Transportation Group, Inc.