

October 25, 2024

**BY ECF AND EMAIL**

The Honorable Analisa Torres
United States District Court
 for the Southern District of New York
500 Pearl Street
New York, New York 10007

   Re:    <u>Energy Transp. Grp., Inc. v. Borealis Mar. Ltd.</u>, No. 21-cv-10969-AT-JW (S.D.N.Y.)

Dear Judge Torres,

       Pursuant to the Court's October 4, 2024 Order (ECF No. 242), we write on behalf of Defendant Borealis Maritime Limited ("Borealis") to respectfully request the sealing of certain exhibits and language in filings submitted by Energy Transportation Group, Inc. ("ETG") in connection with the parties' summary judgment briefing. Specifically, Borealis is seeking to seal (1) Exhibits 29-30, 39-40, 50, 52, 63-65, and 69-71 to the Declaration of Lloyd Clareman ("Clareman Decl." or "Clareman Declaration") filed in connection with ETG's Motion for Summary Judgment; (2) certain language in Exhibits 20, 27-28, 38, 42, 51, 57, 66, 67, 72-73, 87, and 91-93 to the Clareman Declaration; (3) Exhibits 98 and 104 to the Reply Declaration of Lloyd Clareman ("Clareman Reply Decl." or "Clareman Reply Declaration"); (4) certain language in Exhibits 103, 106, 107 to the Clareman Reply Declaration; and (5) certain language in ECF Nos. 218, 219, 238, 239, 240, and 241.[1]

### I.    <u>Settlement Discussions Should Be Sealed Under Black-Letter New York Law</u>

       Borealis seeks to seal certain language on pages 4, 8-9, and 20 in ETG's Reply Memorandum in Further Support of Summary Judgment (ECF No. 238); certain language on page 20 in ETG's 56.1 Counterstatement (ECF No. 241); and Clareman Reply Decl. Exs. 92 and 93, as pertaining to inadmissible settlement discussions. Judge Willis had previously considered and granted Borealis' request to seal inadmissible settlement discussions, and further declined to consider the inadmissible settlement discussions in ruling on the parties' underlying motions.[2] (ECF No. 137 at 9-12)

       As explained previously in Borealis's Letter Motions to Seal (ECF Nos. 92, 206, 223, 243) and prior letters filed with the Court (ECF Nos. 71, 74, 75), prior to the onset of this litigation, Borealis and ETG engaged in extensive settlement discussions in an attempt to resolve the dispute that is at the crux of this case (the "Settlement Discussions"). The aforementioned exhibits and language constitute part of or reference the Settlement Discussions. The Settlement Discussions and any draft

---

[1] The exhibits and filings discussed herein are affixed to the Ruff Declaration filed herewith. Borealis emailed ETG asking for its position on Borealis's motion to seal. ETG responded stating that it would respond to Borealis's motion in a separate filing.

[2] The Court declined to decide the admissibility of "the Alleged Settlement Documents - - - at this stage" because the Court "underst[ood] that [such] a determination . . . would have widespread implications reaching the trial." (ECF No. 137 at 10)



agreements resulting therefrom are protected under Federal Rule of Evidence 408. Judge Willis had previously considered and granted Borealis's request to seal the Settlement Discussions, and further declined to consider them in ruling on the parties' underlying motions.[3] (ECF No. 137 at 9-12)

Under black-letter New York law, the Settlement Discussions should be sealed. "[T]he Second Circuit strongly endorses the confidentiality of settlement agreements in virtually all cases." *Schoeps v. Museum of Modern Art*, 603 F. Supp. 2d 673, 676 (S.D.N.Y. 2009). Indeed, "the presumption of access to settlement negotiations, draft agreements, and conference statements is negligible to nonexistent." *Liu v. The Nielsen Co. (US) LLC*, 2023 WL 3750116, at *1-2 (S.D.N.Y. June 1, 2023) (granting motion to seal "draft settlement agreements and confidential settlement negotiations regarding the disputes that gave rise to [the] litigation"); *see also Pullman v. Alpha Media Pub., Inc.*, 624 F. App'x 774, 779 (2d Cir. 2015) ("access to settlement discussions and documents has no value to those monitoring the exercise of Article III judicial power by the federal courts"); *Diversified Grp., Inc. v. Daugerdas*, 217 F.R.D. 152, 159 (S.D.N.Y. 2003) (the "weakest" presumption is given to "documents such as preliminary settlement documents").

Indeed, because "of the public interest in promoting settlement," courts almost universally seal documents that, as here, reflect settlement or compromise discussions and agreements. *In re Gen. Motors LLC Ignition Switch Litig.*, 2016 WL 1317975, at *2 (S.D.N.Y. Mar. 2, 2016); *see also United States v. Glens Falls Newspapers, Inc.*, 160 F.3d 853, 858 (2d Cir. 1998) ("Few cases would ever be settled if the press or public were privy to settlement proposals"); *Palmieri v. State of N.Y.*, 779 F.2d 861, 864 (2d Cir. 1985) (reversing modification of sealing order and citing the "need of our district courts and civil litigants to facilitate efficient resolution of disputes through negotiated settlements"); *Blackboard Inc. v. Int'l Bus. Machines Corp.*, 2021 WL 4776287, at *2 (S.D.N.Y. Oct. 12, 2021) (approving sealing of "confidential settlement discussions"); *Sec. & Exch. Comm'n v. Telegram Grp. Inc.*, 2020 WL 3264264, at *5 (S.D.N.Y. June 17, 2020) (sealing document prepared "for use during settlement discussions" in its entirety because "confidentiality of the settlement negotiation process outweighs the public's presumption of access").

For all of the reasons set forth above and Borealis's Letter Motions to Seal (ECF Nos. 92, 206, 223, 243) and prior letters filed with the Court (ECF Nos. 71, 74, 75), Borealis respectfully requests that the Court seal language on pages 4, 8-9, and 20 in ETG's Reply Memorandum in Further Support of Summary Judgment (ECF No. 238); certain language on page 20 in ETG's 56.1 Counterstatement (ECF No. 241); and Clareman Reply Decl. Exs. 92 and 93, as pertaining to inadmissible settlement discussions., as pertaining to inadmissible settlement discussions.

II. **Commercially Sensitive Information and References Thereto Should Be Sealed**

Borealis also seeks the sealing of certain figures and language on pages 1-3, 9, 14, 16, 23-24, 30 in ETG's Memorandum of Law in Support of its Motion for Summary Judgment (ECF No.

---

[3] Judge Willis declined to decide the admissibility of "the Alleged Settlement Documents . . . at this stage" because she "underst[ood] that [such] a determination . . . would have widespread implications reaching the trial." (ECF No. 137 at 10)

2



218); certain figures on pages 1-2 in the Declaration of Alex Evans (ECF No. 219, Clareman Declaration Ex. 72); certain figures and language on pages 3, 14, 16-17, 27 in ETG's Reply Memorandum in Further Support of Summary Judgment (ECF No. 238); certain language on page 2 of the Declaration of Lloyd Clareman (ECF No. 239); certain language on page 2 of the Declaration of Lloyd Clareman (ECF No. 240); certain language on page 17 in ETG's 56.1 Counterstatement (ECF No. 241); certain figures and language on pages BOR00162606-07 in Clareman Decl. Ex. 27, pages BOR00008760-79 in Clareman Decl. Ex. 38, pages BOR00030143, 45, 47 in Clareman Decl. Ex. 42, pages BOR00064096-97 in Clareman Decl. Ex. 51, pages 2-4 & Exs. A-F in Clareman Decl. Ex. 66, pages 3, 5, 7-8, 10, 12-16 in Clareman Decl. Ex. 67 and Clareman Reply Decl. Ex. 103, pages 2-4, 8 in Clareman Decl. Ex. 73, pages 55, 122-23 in Clareman Decl. Ex. 91, pages 3, 5, 7-8, 10, 12-16 in Clareman Reply Decl. Ex. 103, pages 135-56, 158-75 in Clareman Reply Decl. Ex. 106, and page 37 in Clareman Reply Decl. Ex. 107; Clareman Decl. Exs. 29, 30, 39-40, 50, 52, 63-65, 69-71; and Clareman Reply Decl. Exs. 98, 104. The aforementioned exhibits and language contain highly confidential commercially sensitive information which, if disclosed, would impair Borealis's current and future ability to be competitive in their business interests.[4]

The redactions in ECF Nos. 218 and 219, Clareman Decl. Exs. 63-65, 66-67, 72, 73, and Clareman Reply Decl. Exs. 103, 107 pertain to specific monetary figures pertaining to Borealis's non-public business dealings.

The redactions on pages 16-17, 27 in ECF No. 238, ECF Nos. 239-41, and Clareman Reply Decl. Exs. 98 and 106 relate to a commercially sensitive contract between Borealis and a third-party (the "Third-Party Contract"). The Third-Party Contract has no bearing on either party's motion for summary judgment, and Borealis has previously moved to seal information pertaining to the Third-Party Contract (ECF Nos. 164, 171). In response to ETG's prior motion to compel discovery on the Third-Party Contract, Judge Willis denied the motion, noting that the Court is "not persuaded" that such discovery was relevant, and rather, was "an impermissible fishing expedition."

The redactions in ECF Nos. 218, 219, pages 3 and 14 of ECF No. 238, Clareman Decl. Exs. 20, 27-30, 38-40, 42, 50, 51-52, 57, 63-67, 69-73, 91, and Clareman Reply Decl. Exs. 103, 104, and 107 contain confidential and proprietary deal terms which, if disclosed, would impair Borealis' ability to remain competitive and to competitively negotiate with future business relationships. These deal term specifics also have no bearing on either party's motion for summary judgment. Borealis has also previously moved to seal information pertaining to confidential and proprietary deal terms. (*See* ECF No. 71)

The Second Circuit courts engage in a three-part inquiry to ascertain whether sealing is appropriate. First, courts determine whether the material in question is a "judicial document;" second, if the material is a judicial document, courts determine the "weight" to afford the presumption of public access to that document; and third, courts balance all factors weighing against disclosure of

---

[4] Borealis has also designated these documents as Confidential pursuant to the operative confidentiality order in this action (ECF No. 180, the "Confidentiality Order"), which permits the parties to designate any document or information "to protect the interests of the client in information that is proprietary, a trade secret or otherwise sensitive non-public information." (ECF No. 180 ¶ 1)



the judicial document. *See Mirlis v. Greer*, 952 F.3d 51, 59 (2d Cir. 2020). Here, each step of this inquiry weighs in favor of Borealis' proposed redactions and sealing.

### A. The Redacted Testimony and Exhibits Are Not Judicial Documents.

The proposed redactions and sealing of the aforementioned exhibits and filings have no bearing on either party's motion for summary judgment. Because there is no relevance to the instant motion in this action, it is unlikely that the Court will find that the Third-Party Contract is a judicial document under established law in this Circuit. *Mirlis,* 952 F.3d at 59 ("[A] judicial document is one that has been placed before the court by the parties and that is relevant to the performance of the judicial function and useful in the judicial process"); *United States v. Amodeo*, 44 F.3d 141, 145 (2d Cir. 1995) ("[T]he mere filing of a paper or document with the court is insufficient to render that paper a judicial document"); *Kewazinga Corp. v. Microsoft Corp.*, 2021 WL 1222122, at *4 (S.D.N.Y. Mar. 31, 2021) ("[T]he information that is sought to be redacted carries less weight, because it does not bear directly on the analysis conducted by the Court in its resolution of the motions").

### B. Any Presumption Of Public Access Is Entitled To No Weight Here.

Nonetheless, even if the Court considers the redacted testimony in the aforementioned exhibits and filings to be judicial documents, information and testimony pertaining to these documents should as redacted because the presumption of public access is entitled to little weight where, as here, documents contain commercially sensitive information. *Hesse v. SunGard Sys. Int'l*, 2013 WL 174403, at *2 (S.D.N.Y. Jan. 14, 2013) (sealing "proprietary business information" including "details of specific projects"). Borealis has proposed narrowly tailored redactions to the Toepfer Transcript to protect Borealis's legitimate business interests, which are more than sufficient to overcome any presumption of access that may apply. *See Kewazinga*, 2021 WL 1222122, at *6 (allowing redactions where "if that information were to be disclosed, it could indeed harm Microsoft or advantage its competitors").

### C. The Public Interest Weighs Against Disclosure.

The proposed redactions to and sealing of the aforementioned exhibits and filings should also be permitted in light of the independent public interest in protecting "confidential and proprietary business information." *Lexington Furniture Indus., Inc. v. Lexington Co., AB*, 2021 WL 1143694, at *2 (S.D.N.Y. Mar. 24, 2021) (finding proposed redactions to protect "sensitive business information, outweighs the public's right to access this information"); *GoSMiLE, Inc. v. Dr. Jonathan Levine, D.M.D. P.C.*, 769 F. Supp. 2d 630, 649–50 (S.D.N.Y. 2011) ("[T]he privacy interests of the defendants" in maintaining confidentiality of "highly proprietary material" outweigh "the presumption of public access"). For example, public disclosure of Borealis' deal terms with third-parties would be advantageous to Borealis' competitors and could harm Borealis' ability to effectively negotiate with potential business partners in the future. *See, e.g.*, *Louis Vuitton Malletier S.A. v. Sunny Merch. Corp.* 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015) (approving redactions of "confidential business information").



       Respectfully submitted,

    BOIES SCHILLER FLEXNER LLP

By: */s/ Jenny H. Kim*
    Jenny H. Kim (jkim@bsfllp.com)
    Lindsey Ruff (lruff@bsfllp.com)
    55 Hudson Yards
    New York, New York 10001
    Tel: (212) 446-2354
    Fax: (212) 446-2350

*Attorneys for Defendant*