USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 10/22/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ENERGY TRANSPORTATION GROUP INC.,

Plaintiff,

-against-

BOREALIS MARITIME LIMITED,

Defendant.

No. 21-cv-10969 (CM)

MODIFICATION TO RULING ON DEFENDANT'S MOTION IN LIMINE AT DKT. NO. 302

McMahon, J.:

Having reviewed the record in this case in greater detail, I have reached the conclusion that the ruling (Dkt. No. 340) on the Borealis' Motion in Limine to Exclude Evidence Concerning Defendant's Nonpayment of EM I Carried Interest (Dkt. No. 302) needs to be modified.

While ETG has been awarded summary judgment on the issue of Borealis' liability for payment of 7.5% of the carried interest on the EM I fund, I see (now that I have spent a few hours focusing on the Final Pretrial Order) that the parties apparently do not agree about what that amount is. Therefore, ETG – which has the burden of proving its damages – cannot be prohibited from offering proof of the amount of carried interest owed. It is my understanding (and correct me if I am wrong) that the parties do not agree whether Borealis' carried interest on the EM I Fund includes EM I exit fees and EM I Class C distributions. The parties seem to agree (or so the summary judgment decision indicates) that EM I Class D distributions are included in Borealis' EM I carried interest, but they have failed to agree on a stipulation as to the amount of those distributions. Thus, the jury will need to fix the amount of damages owed to ETG with respect to the EM I Fund; this includes (1) making a calculation about the amount that equals 7.5% of Borealis' carried interest in the Class D Distributions; (2) deciding whether EM I exit fees and EM I Class C Distributions are part of Borealis' carried interest in the EM I Fund; and if either or both of them is, (3) calculating the amount that equals 7.5% of Borealis' carried interest in exit fees, Class C Distributions, or both.

The jury will be instructed that Borealis' liability for 7.5% of the carried interest on the EM I Fund is not in dispute (the jury is not to speculate why). The jury will also be instructed that the parties (1) agree that ETG is entitled to 7.5 % of the carried interest on the Class D distributions but do not agree on what that amount is; (2) disagree about whether Borealis' EM I carried interest includes EM I exit fees and EM I Class C distributions, as well as what those amounts are (should

they in fact be part of the carried interest). The jury will be charged with fixing the amount that is equal to 7.5% of Borealis' carried interest in EM I in light of those instructions.

I understood the *in limine* motion to address the issue of whether ETG could argue to the jury that there was something nefarious about the fact that Borealis has not yet paid the carried interest on EM I. It cannot make such an argument, since the amount due thereunder is still in dispute. To that extent, the original ruling is affirmed.

I remind the parties that, because this a breach of contract case, the plaintiff must establish the date on which the breach occurred, which means the date on which 7.5% of the carried interest, or any sub-portion thereof, came due under the terms of the RSA. This evidence must come in as part of the plaintiff's case in chief.

I encourage the parties to continue their efforts to stipulate to the amount of Borealis' carried interest in the EM I Fund.

This modifies the decision found at Dkt. No. 340 at pages 2–3.

Dated: October 22, 2026

U.S.D.J.

BY ECF TO ALL COUNSEL